SEYMOUR HOLDING CORPORATION, Appellant, vs. WENDT
and wife, Respondents.

*December 3, 1945—January 8, 1946.*

For the appellant the cause was submitted on the brief of
*Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner,*
all of Oconto Falls.

For the respondents there was a brief by *Sigman & Sigman*
of Appleton, and oral argument by *Abraham Sigman.*

ROSENBERRY, C. J.    Upon an examination of the record
in this case we are of the opinion that the trial court was clearly
right in denying the motion of the plaintiff for summary
judgment.    The pleadings present questions of fact which

should only be determined upon the trial of the case. We shall note only one of them.

The plaintiff alleges that it became the owner of the mortgage in question on the 24th day of December, 1934. The defendants allege that T. A. Nickadem, secretary of the plaintiff company, as cashier of the Seymour State Bank, on the 22d day of December, 1934, executed a satisfaction in full and complete settlement of the indebtedness of $4,362, which it held as a creditor of the defendants, which included the $1,000 represented by plaintiff's mortgage without disclosing that it no longer owned the indebtedness. In the affidavits it is alleged that the mortgages given by the defendants on April 4, 1930, were sold and delivered to the plaintiff on April 21, 1934. If that is true, when T. A. Nickadem signed the creditors' agreement on December 22, 1934, in which he stated that the defendants were indebted to the Seymour State Bank in the sum of $4,362, he knew as secretary of the plaintiff that the Seymour State Bank was not then the owner of that indebtedness. What the facts and legal conclusions are, and the exact relation of the parties, are matters which should be considered upon a trial. We shall not comment further for the reason that any comment made might be misleading, the actual facts not having been fully determined.

*By the Court.*—Order affirmed.